UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**JOHN MARQUES**,

Plaintiff,

v.

**WELLS FARGO BANK, N.A., ET AL.**,

Defendants.

Case No. 16-cv-03973-YGR

**ORDER GRANTING WELLS FARGO'S MOTION TO DISMISS**

Re: Dkt. No. 40

Plaintiff brings this action alleging that defendant Wells Fargo Bank, N.A. ("Wells Fargo")[1] committed wrongful acts and omissions during loan servicing, loan modification, and foreclosure processes relating to plaintiff's primary residence.  On October 13, 2016, the Court granted in part and denied in part Wells Fargo's motion to dismiss plaintiff's first amended complaint.  Relevant to the instant motion, the Court dismissed with leave to amend plaintiff's claims under (i) California Civil Code section 2923.7 for failure to provide a single point of contact ("SPOC") and (ii) the Unfair Competition Law, California Business & Professional Code §§ 17200 *et seq.* ("UCL").  (Dkt. No. 34.)[2]  On October 27, 2016, plaintiff filed an amended complaint re-alleging the same.  (Dkt. No. 37, "SAC.")

---

[1] On October 13, 2016, the Court granted the parties' stipulated request to give defendant NDeX West, LLC non-monetary status pursuant to California Civil Code section 2924*l*.  (Dkt. No. 34.)

[2] Additionally, the Court denied Wells Fargo's motion to dismiss as to plaintiff's claims under California Civil Code sections 2923.6 and 2923.10, and his claim for declaratory relief.  The Court granted with prejudice Wells Fargo's claims for negligence in loan servicing and to quiet title pursuant to California Code of Civil Procedure section 760.020.

1  Now before the Court is Wells Fargo's motion to dismiss those same claims in Counts
2  Two and Four of plaintiff's SAC.[3]  Having carefully reviewed the pleadings and the papers
3  submitted on this motion, and for the reasons set forth below, the Court **GRANTS** Wells Fargo's
4  motion and **DISMISSES WITH PREJUDICE** Counts Two and Four of plaintiff's SAC.[4]

With regards to his claim under California Civil Code section 2923.7 in Count Two, the Court previously dismissed the same explaining that "further clarity on plaintiff's communications with the SPOCs would be beneficial at this stage to determine what, if any, of the alleged actions or omissions by the SPOCs were in violation of Section 2923.7." (Dkt. No. 34 at 8.)  Plaintiff's SAC fails to provide such clarity, and largely repeats the same allegations in the FAC without further detail.  Thus, it does not appear that plaintiff is able to state a claim under this provision.  Accordingly, the Court **DISMISSES WITH PREJUDICE** Count Two of plaintiff's SAC.

With regards to his claim under the UCL in Count Four, the Court previously found that plaintiff's allegations of injury were insufficient to sustain standing under the UCL. (Dkt. No. 34.) Specifically, in the FAC, plaintiff alleged only that he "suffered and continues to suffer pecuniary damages due to excessively high mortgage payments, fees, and costs." (Dkt. No. 17, FAC ¶ 106.) In the SAC, plaintiff has slightly modified his allegations of injury thus: "Plaintiff has suffered

---

[3] Wells Fargo does not challenge the First, Third, or Fifth causes of action in plaintiff's SAC.  In connection with its motion, Wells Fargo requests that the Court take judicial notice of the following documents:  (i) Exhibit A, Adjustable Rate Mortgage Note, dated November 29, 2006; (ii) Exhibit B, Deed of Trust, dated November 29, 2006; (iii) Exhibit C, Certificate of Corporate Existence, dated April 21, 2006; (iv) Exhibit D, Office of Thrift Supervision, dated November 29, 2007; (v) Exhibit E, Charter of Wachovia Mortgage, effective December 31, 2007; (vi) Exhibit F, Official Certification of the Comptroller of the Currency, effective November 1, 2009; (vii) Exhibit G, History of World Savings Bank, Federal Deposit Insurance Corporation, dated March 14, 2012; (viii) Exhibit H, Loan Modification Agreement, dated June 18, 2009; (ix) Exhibit I, Notice of Default, dated July 14, 2010; and (x) Exhibit J, Notice of Trustee's Sale, dated August 7, 2015.  Plaintiff has not opposed Wells Fargo's request. "Generally, a district court may not consider any material beyond the pleadings in ruling on Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).  However, a court may take judicial notice of matters of public record and documents whose authenticity is not contested and upon which the plaintiff's complaint relies. *Lee v. Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Santa Clara*, 307 F.2d 1119, 1125 (9th Cir. 2002).  Accordingly, the Court **GRANTS** Wells Fargo's request for judicial notice of the exhibits attached to its RJN.

[4] The Court **VACATES** the hearing on this motion currently set for December 20, 2016.

and continues to suffer pecuniary damages due to excessively high mortgage payments, accrued interest, late fees and penalties on his loan due to erroneous default procedures, extensive legal costs in being forced to bring the current litigation to prevent the wrongful foreclosure sale of his home, damage to his credit score, loss of equity in his home due to continued pending and unlawful foreclosure sale, in addition to costs." (SAC ¶ 99.)  However, if such were sufficient, then there would be UCL standing in every foreclosure case where plaintiffs are challenging loan modification procedures.  That is not the state of the law.  *See, e.g.*, *Hosseini v. Wells Fargo Bank, N.A.*, No. 13-CV-02066-DMR, 2013 WL 4279632, at *8 (N.D. Cal. Aug. 9, 2013) (finding no standing under the UCL where no foreclosure sale had yet taken place, and plaintiff only included the conclusory allegation that they were injured as a result of defendant's practices); *cf. Peterson v. Wells Fargo Bank, N.A.*, No. 13-CV-3392-MEJ, 2014 WL 1911895, at *7 (N.D. Cal. May 13, 2014) (finding sufficient for standing under the UCL allegations that plaintiff spent money improving the property in reliance on defendant's promise to modify the loan even where no foreclosure sale had taken place).  Thus, because plaintiff does not appear able to state a claim under the UCL, the Court **DISMISSES WITH PREJUDICE** Count Four of the SAC.

This terminates Docket Number 40.

**IT IS SO ORDERED.**

Dated: December 8, 2016

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**